# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | | |
|---|---|---|
| Mary E. Allen, et al., | ) | Civil Action No. : |
| | ) | |
| Plaintiffs, | ) | 3:10-CV-00142-MCR-MD |
| | ) | |
| v. | ) | Judge M. CASEY RODGERS |
| | ) | |
| School Board for Santa Rosa County, Florida, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF POTENTIALLY IMPROPER OR UNETHICAL CONDUCT

Plaintiffs regrettably are compelled to bring to the Court's attention a troubling development in this litigation that has come to their attention. On August 20, 2010, the Court invited the Doe litigants and the Principal of Pace High School (the "Principal") to participate in this action if they wished to do so, set a deadline for them to announce their decision, and stayed the action in the meantime. (Dkt. 45). The Principal was served with a Summons on August 25, 2010. (Dkt. 54). On September 9, 2010 the Principal purportedly accepted the Court's invitation, purportedly joined this action as a defendant and purportedly filed a Motion to Dismiss. (Dkt. 56). The Principal purportedly has been vigorously litigating against Plaintiffs, most recently filing a Response in Opposition to Plaintiffs' Motion for Preliminary Injunction (dkt. 79) that asserts new and different defenses beyond those asserted by the School Board and Superintendent Defendants.

It appears, however, that the Principal has never authorized any of these actions to be taken on behalf of his office. (Declaration of Bridget H. Head[1], attached hereto as Exhibit A; Declaration of Martha Gough, attached hereto as Exhibit B). He was shocked to learn this week that his office is involved in this litigation. (Head Decl. at ¶ 5; Gough Decl. at ¶ 5(a)). He did not authorize the filing of a Motion to Dismiss. (Head Decl. at ¶ 6; Gough Decl. at ¶ 5(b)). He did not authorize the filing of a Response in Opposition to Plaintiffs' Motion for Preliminary Injunction. (Head Decl. at ¶ 7; Gough Decl. at ¶ 5(b)). He had not even seen any of those documents before they were filed. (Head Decl. at ¶¶ 6-7; Gough Decl. at ¶ 5(c)). The Principal is apparently upset and angry that others are litigating on his behalf and in the name of his office without informing him or seeking his authorization. (Gough Dec. at ¶ 5(d)).

These facts suggest that the two existing Defendants in this suit may have considered the Court's invitation to the Principal as merely an opportunity for them to have a third bite of the litigation apple, and are using the office of Principal to suit their purposes without the knowledge, much less authorization, of the duly appointed occupant of that office. This prejudices Plaintiffs, by requiring them to respond to a third set of arguments and motions in this litigation controlled and advanced entirely by two existing parties.[2]

---

[1] Mrs. Head is a secretary in the Office of Principal (Head Decl. at ¶ 3). The undersigned communicated with Mrs. Head only after ensuring that she is **not** "a constituent of [the Office of Principal] who supervises, directs, or regularly consults with the organization's lawyer concerning [this lawsuit] or has authority to obligate [the Office of Principal] with respect to [this lawsuit] or whose act or omission in connection with [this lawsuit] may be imputed to [the Office of Principal] for purposes of civil or criminal liability." *Comments*, Rule 4-4.2, Fla. R. of Prof. Conduct.

[2] There may also be significant ethical considerations at issue. Rule 4-1.4(a), Fla. R. of Prof. Conduct, provides that "A lawyer shall promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in terminology, is required." Moreover, Rule 4-1.4(b), Fla. R. of Prof. Conduct, provides that "A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." Whether or not a client wishes to participate in a lawsuit, and authorizes that participation, would certainly seem to be decisions or circumstances which require informed consent.

Plaintiffs request that the Court investigate the allegations that have come to Plaintiffs' attention, and, if it determines that the pleadings purportedly filed by the Principal were not authorized by him prior to filing, strike those pleadings, find that the Principal has not timely accepted the Court's invitation to participate in this lawsuit and bar further participation.

Respectfully submitted,

| | |
|---|---|
| David M. Corry | /s/ Horatio G. Mihet_____ |
|   Florida Bar No. 861308 | Mathew D. Staver |
| LIBERTY COUNSEL |   Florida Bar No. |
| PO Box 11108 | Anita L. Staver |
| Lynchburg, VA 24506-1108 |   Florida Bar No. |
| 434-592-7000 Telephone | Horatio G. Mihet |
| 434-592-7700 Facsimile |   Florida Bar No. |
| court@lc.org | LIBERTY COUNSEL |
| | PO Box 540774 |
| | Orlando, FL 32854-0774 |
| | 800-671-1776 Telephone |
| | 407-875-0770 Facsimile |
| ATTORNEYS FOR PLAINTIFFS | court@lc.org |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically with the Court this 20th day of October, 2010. Service will be effectuated upon all parties of record by the Court's electronic notification system.

/s/ Horatio G. Mihet_____
Horatio G. Mihet, Esq.
One of the attorneys for Plaintiffs