## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**MARY E. ALLEN, et al.,**
    **Plaintiffs,**

**v.**                                       **3:10cv142/MCR/CJK**

**SCHOOL BOARD FOR SANTA**
**ROSA COUNTY, FLORIDA, et al.,**
    **Defendants.**
_____

## ORDER ON PENDING DISCOVERY ISSUES

Before the Court is Defendants' Emergency Motion to Compel Discovery Responses and Motion for Sanctions. (Doc. 162).  Plaintiffs have filed their Memorandum in Opposition to Defendants' Motion to Compel Discovery.  (Doc. 172).  I have also considered, in reaching this ruling, Plaintiffs' Emergency Motion for Reconsideration of Discovery Order.  (Doc. 169).  The matter was heard before me in a telephone hearing on May 12, 2011, at 10:00 A.M.

When the three defendants, whom I will collectively refer to in this order as School Board, filed their Motion to Compel Discovery, I entered an interim order (doc. 165), primarily addressing the issues created by the School Board's failure to attach two exhibits to its combined discovery requests.  *Allen v. School Bd. for Santa Rosa County, Fla.*, No. 3:10cv142/MCR/CJK, 2011 WL 1661600 (N.D. Fla. May 2, 2011).  I required the School Board, under an expedited time schedule, to correct this oversight and further required the 23 plaintiffs to immediately respond to those

requests that had been left unanswered because of the lack of attached exhibits.  I am advised that the matters concerning the attached exhibits have now been resolved by the parties and will not require further ruling by the court.  I am further advised that the School Board's motion insofar as it concerns plaintiffs' failure to use a verified oath with notarization on the interrogatories has also been resolved based upon the plaintiffs' reliance (justifiable in my view) on 28 U.S.C. §1746.  I have advised the parties, that, but for the resolution of this matter, I would have ruled in favor of the plaintiffs and found that the form of declaration they have used is acceptable.  This leaves for resolution three issues.  First are the interrogatories requesting information on the Santa Rosa School District schools attended by the four student plaintiffs.  Next is the response of student plaintiff Riley to interrogatory 2(d)(1).  The final issue concerns the number of interrogatories the School Board defendants should be allowed to propound.

School Board Interrogatory–Schools Attended

By interrogatory 2(a) to each student plaintiff, the School Board asked these plaintiffs to "identify each and every Santa Rosa school district school you attended, including but not limited to, the name of each school, the date of attendance for each school, the highest grade completed at each school, your current grade in school." (Doc. 162 at 6).  The School Board filed a Motion to Compel as to the objection raised by the current and former student plaintiffs, representing to the court that these plaintiffs responded, "objection; overly broad, unduly burdensome, lack of relevance." (Doc. 162 at 6).   Plaintiffs, in their Memorandum in Opposition, have admitted that they responded to the interrogatory with the previously quoted sentence. Plaintiffs, however, also informed the court that they went on, in the same responses,

to provide the following, "without waiving any objection:  I attended the following schools in Santa Rosa County:  Berryhill Elementary (kindergarten - fifth grade); Hobbs Middle School (sixth - eighth grade); and Milton High School (ninth - twelfth grade).  I graduated from high school in 2010."  This quoted language actually came from student plaintiff Riley's interrogatory answers, and the plaintiffs represent that each of the other four student plaintiffs provided substantially similar responses reflecting their own educational histories in Santa Rosa County.  (Doc. 172 at 10).

I find that the defendant School Board's Motion with regard to these interrogatories is unjustified.  Moreover, the School Board, whether out of intent or oversight, failed to notify the court of the true substance of the answers to interrogatory 2(a).  Plaintiffs have explained that their objection was concerning the "including but not limited to" verbage included in the interrogatories.  I am unable to determine why the School Board included this verbage in the interrogatories, but I need not consider this, because, as it stands now, in my view, no justiciable objection remains.   The only question is whether the answers provided to interrogatory 2(a) are sufficient.  They are.  The defendant's Motion will be denied as to interrogatory 2(a).


School Board Interrogatory–Identify Prohibitory Directive


The next issue involves student plaintiff Riley's answer to interrogatory 2(d)(1) requesting him to "identify with particularity the date the directive prohibiting you from including the phrase 'God Bless' in your letter to the student body was issued, the name of the relevant district personnel who issued it, the content of the directive, the context in which it arose, and any names and contact information to any witnesses to its issuance."  (Doc. 162 at 8).  Rather than responding to this interrogatory,

plaintiff Riley referred to certain paragraphs of the Complaint and one two-page exhibit appended to the Complaint.  As plaintiffs point out, Mr. Riley has now been deposed, and was asked a number of questions concerning the subject matter. Plaintiffs therefore conclude that Mr. Riley should not be required to further respond to the interrogatory.  The School Board proffers that a response in the form of an interrogatory answer should be required.

Under Federal Rule of Civil Procedure 33(b)(3), each interrogatory "must, to the extent it is not objected to, be answered separately and fully in writing under oath."  The School Board defendants express their desire to have an interrogatory answer for further use in these proceedings, rather than being limited to relying upon the deposition answers given by Mr. Riley, which, of course, are not before me.  On balance, this argument goes to the School Board.  Good tactical reasons exist why a party would want to have a straight-forward interrogatory answer for use at further proceedings, including summary judgment and cross-examination at trial.  I therefore find that Mr. Riley has not fully answered the subject interrogatory and should be required to do so within seven (7) days.

School Board Interrogatories–Number Allowed

The final issue for resolution involves application of Rule 33(a)(1) of the Federal Rules of Civil Procedure.  This Rule provides, in relevant part: "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."  School Board defendants now move this court to compel answers to interrogatories that exceed the rule limitation.  The sole argument raised by the School Board in the motion to compel is that each defendant is entitled to propound 25 interrogatories for a total of

75.  At the hearing on this matter, counsel for the School Board candidly admitted that this was the School Board's position.  This position would, considering that there are 23 individual plaintiffs in this matter, result in license for the School Board to propound 1,725 interrogatories.

Although counsel for the School Board argued at the hearing that there are other reasons to allow an excessive number of interrogatories, besides the School Board's interpretation of the Rule, such argument was never made in the motion before me, and I will not consider the argument at this time.  In the motion actually filed by the School Board, these defendants relied upon a mechanistically literal reading of the Rule, arguing that because plaintiffs brought the action against three separate entities, these entities should each be allowed to propound a full set of interrogatories to each plaintiff.  The School Board relies upon *St. Paul Fire and Marine Insurance Company v. Birch, Stewart, Kolasch & Birch, LLP*, 217 F.R.D. 288 (D. Ma. 2003).   In *St. Paul*, the court read the interrogatory limit to apply to individual parties on each side of the dispute, and not to each side in the aggregate. *Id*. at 289.  Plaintiffs respond that the School Board defendants have consistently litigated this case as a single unit, "united in a single, common and unitary purpose . . . ." (Doc. 172 at 14).  The School Board defendants have consistently filed their motions, notices, and discovery matters as one unit.  I take the plaintiffs' argument to suggest that the School Board defendants may not, at this stage of the conflict, now decamp into three regiments, in order to gain some advantage in the skirmish lawyers call discovery.  Also, as noted by the plaintiffs, even as late as the May 12, 2011 hearing, the School Board defendants have not moved the court for leave to exceed the 25 interrogatory limitation.

In *McCarthy v. Paine Webber Group, Inc.*, multiple defendants were represented by the same law firm and throughout that litigation had jointly filed and

responded to motions.  *See* 168 F. R. D. 448 ( D. Conn. 1996).  After the court denied a joint motion by all three defendants to increase the Rule 33(a) interrogatory limit, one of the three defendants filed its own set of interrogatories.  *See id*. at 449. Plaintiffs objected and relied upon the numerical limitation in the Rule, among other issues.   The *Paine Webber* defendants argued they were not bound by the 25 interrogatory limitation because there were, in fact, three defendants.  The court saw the situation otherwise:

> [D]efendant's argument is disingenuous.  Rule 33 of the Federal Rules of Civil Procedure provides that 'each party' may submit up to twenty-five interrogatories 'including all discrete subparts' without leave of court.  However, in this case, all defendants have been represented by the same law firm since May 1993, and have jointly filed and responded to all motions since that time.  In fact, all defendants brought the previously mentioned motion to compel answers to the same type of interrogatories that are at issue here.  The motion was denied.

*Id*. at 450.

Also, in *Zito v. Leasecomm Corp.*, a large group of defendants jointly served a single set of interrogatories totaling 169 separate questions in all.  *See* 233 F. R. D. 395 (S.D.N.Y. 2006).  The District Court, in denying the Defendants' Motion to Compel Interrogatory Answers, questioned the conclusion reached by *St. Paul Fire and Marine Insurance Company*, noting that in the *Zito* case, applying the *St. Paul* reasoning, the plaintiffs would be entitled to propound 5,000 interrogatories.  *See id.* at 399.  I also am not persuaded by the *St. Paul Fire* reasoning, which here would lead to a ruling that the School Board defendants could propound over 1,700 interrogatories.  This is an important case, but the scope of this litigation is not so lacking in circumscription as to suggest this breadth of discovery, and I will not allow it.  The School Board's Motion to Compel, asking the court to overrule the plaintiffs' objection concerning the number of interrogatories, will be denied.

Accordingly, it is ORDERED and ADJUDGED:

1.      The Defendants' Motion to Compel (doc. 162) with regard to the question of declaration versus notarization of interrogatories is DENIED by agreement of the parties.

2.      The Defendants' Motion to Compel concerning answer to interrogatory 2(a) is DENIED, as I find that the student plaintiffs have fully answered the questions.

3.      Interrogatory 2(d)(1) propounded to student plaintiff Riley, concerning the use of "God Bless" in a letter to the student body, will be answered by Mr. Riley within seven (7) days, and accordingly this portion of the Motion to Compel is GRANTED.

4.      The defendants' apparent attempt to exceed the 25 interrogatory limit of Federal Rule of Civil Procedure 33(a)(1) is DENIED, as more completely explained above.

5.      No sanctions or attorneys' fees will be allowed at this time.

6.      As I have previously explained in the order setting today's hearing, any further discovery disputes will be heard by me on an expedited basis, and I will absolutely require counsel for all parties to be present in person at the United States Courthouse in Pensacola on 24 hours notice to explain their positions in such proceedings, which are, for the present time, purely hypothetical.

At Pensacola, Florida this 12nd  day of May, 2011.

/s/ *Charles J. Kahn, Jr.*

**Charles J. Kahn, Jr.**
**United States Magistrate Judge**