# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**MARY E. ALLEN, et al.,**
    **Plaintiffs,**

**v.**                                     **3:10cv142/MCR/CJK**

**SCHOOL BOARD FOR SANTA**
**ROSA COUNTY, FLORIDA, et al.,**
    **Defendants.**

_____

## <u>PROTECTIVE ORDER</u>

Before the Court are Plaintiff Doe 2's Emergency Verified Motion for Protective Order (doc. 185) and the Allen Plaintiffs' Memorandum in Opposition to that motion (doc. ___ e-mailed to the Court at 3:28 PM on May 24, 2011). The School Board defendants take no position on this matter.

Having carefully Doe 2's motion and memorandum, as well as the Plaintiffs' Memorandum in Opposition, I conclude that Doe 2,despite having engaged in discovery through counsel, is truly an involuntary party to this lawsuit, and should not be required to attend the deposition referenced in the motion. I also note, as support for this Protective Order, that Judge Rodgers' recent order as to collateral estoppel concerning teachers and official parent chaperones (doc. 184), appears to have substantially narrowed the issues before the Court on the question of challenges to the continued validity of the entire Consent Decree. Finally, the Allen Plaintiffs, as represented to the undersigned during the settlement discussion, have asserted the

position that conditions which led up to the Consent Decree (those conditions which would be known to Doe 2), are not relevant in terms of the Allen Plaintiffs' challenge in the present suit.

Accordingly, it is ORDERED and ADJUDGED as follows:

1.      The notice of deposition of Doe 2 for Friday, May 27, 2011 in Pensacola, Florida, is QUASHED.

2.      Should the Allen Plaintiffs re-notice this deposition, the time and place for such will be cleared with counsel for Doe 2, who will be obligated to handle the issue in a fair and reasonable manner.[*]

3.      In light of Judge Rodgers' order on collateral estoppel, and also in light of the position previously taken by the Allen Plaintiffs concerning the relevance of the conditions that occasioned the Consent Decree, I will entertain a further Motion for Protective Order concerning re-notice of Doe 2's deposition, but only if the parties are unable to resolve the issue.  Nothing in this order should be taken in any way to signal what my ruling would be on such a hypothetical Motion.

4.      I do not find that the Allen plaintiffs' opposition to the present motion is unjustified.

At Pensacola, Florida, this 24th day of May, 2011.

/s/ *Charles J. Kahn, Jr.*

**Charles J. Kahn, Jr.**
**United States Magistrate Judge**

---

[*]Given the circumstances, perhaps the parties would consider a Saturday deposition.